UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOHN PERPINAN,                                           No. 05-14638

                          Debtor(s).
_____/

JEFFRY LOCKE, Trustee,

                          Plaintiff(s),

            v.                                               A.P. No. 06-1057

JOHN PERPINAN,

                          Defendant(s).
_____/

Memorandum After Trial
_____

      Before bankruptcy, debtor and defendant John Perpinan was a contractor. At the time he sold his home on July 12, 2005, a property owner was actively suing Perpinan for damages arising out of a construction contract and was nearing a judgment. Because of this lawsuit, Perpinan took most of his net proceeds from the sale, about $120,000.00, in cash and cashier's checks.

      Perpinan filed his Chapter 7 petition on October 16, 2005, claiming as exempt the $48,000.00 he said he had left from the sale proceeds as exempt pursuant to California homestead law. Under the rule

1

of *In re Golden*, 789 F.2d 698 (9th Cir. 1986), those proceeds would become property of the estate if not reinvested in a new homestead by January 12, 2006.

In this adversary proceeding, the bankruptcy trustee seeks to deny Perpinan a discharge for concealing the proceeds of the sale of the home by keeping them in the form of cash and cashier's checks. He also seeks turnover of the $48,000.00, alleging that Perpinan never validly purchased a new home.

Perpinan testified that he kept his home sale proceeds in cash because he felt that if he put them in his bank account the attorney for the property owner would "steal" them. When asked exactly what he meant by that, Perpinan testified at trial that "What I thought he was going to do was lie to the courts."

A debtor who has kept assets in cash in order to hinder efforts to get them by a creditor may not receive a discharge. *In re Bernard*, 96 F.3d 1279 (9th Cir. 1996); *In re Schafer,* 294 B.R. 126 (N.D.Cal.2003). It is up to the courts only to decide if an attorney is lying to them. A debtor is not free to decide on his own that an attorney is lying to the courts so that hindering the attorney's efforts on behalf of a creditor is justified. Accordingly, Perpinan's discharge must be denied pursuant to § 727(a)(2) of the Bankruptcy Code.

Under California law, a homestead exemption must be denied if it based on a sham. *Ellsworth v. Marshall* (1961) 196 Cal.App.2d 471, 474.[1] In this case, the court concludes that Perpinan's purchase of a new homestead was a sham for the following reasons:

1. The new homestead was a 4.5% interest in property owned by Perpinan's mother.

2. The $48,000.00 purchase price was paid by a cashier's check which Perpinan's mother never cashed.

3. The day after his mother's deed to him was recorded, Perpinan executed a quitclaim deed to his mother.

4. Perpinan's mother returned the $48,000.00 cashier's check to him.

---

[1] In order for a homestead claim to be valid, the debtor must actually reside in property in which he has an ownership interest. In *Ellsworth*, the debtor's alleged residence was a sham. In this case, residence was real but ownership was a sham.

2

For the foregoing reasons, Perpinan's discharge will be denied and he will be ordered to turn over $48,000.00 to plaintiff, who shall also recover his costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for plaintiff shall submit an appropriate form of judgment forthwith.

Dated: December 4, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge